UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN WOODY, | ) | Case No.: 3:08 CV 2534 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| ROBERT WELCH, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Pending before the court is Petitioner Brian Woody's ("Petitioner" or "Woody") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In June of 2004, Woody was involved in a crash that killed six people and injured four others. *State v. Woody*, No. OT-05-012, 2006 Ohio App. LEXIS 1529, at \*\*2 (Ohio App. March 24, 2006). He was indicted on fifteen counts, which included aggravated vehicular homicide, aggravated vehicular assault, and failure to stop after an accident involving the death of a person. *Id.* at \*\*3. Woody, as a result of a plea deal, pled no contest to six counts of aggravated vehicular homicide and one count of aggravated vehicular assault. *Id.* The trial court imposed a three-year sentence for each count of homicide and a one-year sentence for the assault charge. *Id.* The trial court imposed the sentences consecutively for a total of nineteen years imprisonment. *Id.*

Woody appealed the sentence, alleging, in part, that the trial court erred in sentencing him to consecutive, non-minimum sentences in violation of the *Ex Post Facto* Clause. *Id.* at \*\*4-7. The Ohio appellate court overturned his sentence and remanded the case for resentencing in light of *State*

*v. Foster*, 845 N.E.2d 470 (Ohio 2006), which reshaped Ohio sentencing law. *Woody*, 2006 Ohio App. LEXIS 1529, at \*\*7. On remand, the trial court sentenced Woody to the same nineteen-year sentence that it had previously imposed. Woody timely appealed, but the Ohio appellate court affirmed the sentence. He again appealed to the Ohio Supreme Court, which denied his leave to appeal.

He thereafter filed the instant Petition in this court pursuant to 28 U.S.C. § 2254. Woody asserts one ground for relief in his Petition:

> Ground 1: The remedy that the Ohio Supreme Court set forth in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (Ohio Sup. Ct. 2006) violates the *Ex Post Facto* and Due Process Clauses of the United States Constitution.

(Pet. at 14.) The Ohio Supreme Court in *Foster* found that, in light of *Blakely v. Washington*, 542 U.S. 296 (2004), portions of the Ohio's sentencing statute were unconstitutional because they required a judge to make specific findings of fact before imposing a non-minimum or consecutive sentence. *Foster*, 845 N.E.2d at 498. After *Foster*, Ohio trial courts can now determine, in their discretion, whether to impose above the minimum or consecutive sentences. *Id.* Woody argues that *Foster* was determined years after his case arose, and its retroactive application to his case for sentencing significantly disadvantaged him without notice in violation of the *Ex Post Facto* Clause.

The case was referred to Magistrate Judge Nancy A. Vecchiarelli ("Magistrate Judge") to prepare a Report and Recommendation ("R&R"). The Magistrate Judge issued her R&R on May 4, 2009, recommending that the court dismiss Woody's Petition. (ECF No. 9.) The Magistrate Judge first concluded that Petitioner had properly exhausted his state remedies and had not procedurally defaulted. (R&R at 5-6.) The Magistrate Judge further found that while his claims did not fail on these procedural grounds, it otherwise failed on the merits because the trial court's re-sentencing in

conformity with *Foster* did not violate the *Ex Post Facto* or Due Process Clauses. (*Id.* at 14.)

The Magistrate Judge recommended the dismissal of Woody's Petition for three reasons. First, she noted that the *Ex Post Facto* Clause carries a limited application to judicial decisions, finding that while it applies when the court seeks to punish a defendant for acts that were not criminal at the time of performance, it would not apply in this case. (R&R at 10.) Specifically, she stated:

> [A]lthough Ohio's sentencing statutes at the time of Woody's criminal acts were, in part, unconstitutional, they nevertheless gave him fair notice of the acts that were prohibited and the degree of punishment which the Ohio legislature wished to impose on those who committed those acts. As the reinterpreted statute did not increase the maximum penalty to which Woody was potentially subject, Woody cannot say that the state failed to give fair warning of what was prohibited or of the potential penalties to which he would be subject if he committed those acts.

*Id.*

Second, she noted that the case cited by Woody, *Miller v. Florida*, 482 U.S. 423 (1987), which found that a defendant's sentence based on the retroactive application of Florida's sentencing statute violated the *Ex Post Facto* Clause, was distinguishable from the instant case. (R&R at 10.) *Miller* involved the retroactive application of a legislative enactment, while the instant case involves the retroactive application of a judicial decision. (*Id.*)

Lastly, she rejected Woody's contention that *Foster* is not in line with *United States v. Booker*, 543 U.S. 220 (2005). (R&R at 11.) Woody argues that *Booker* permits full appellate review of the reasonableness of a trial court's sentencing determination because a district court is still required to state reasons for departing from the sentencing guidelines, while *Foster* does not require any judicial explanation. (*Id.* at 12-13.) He concludes that this distinction therefore limits a

<sup>Case: 3:08-cv-02534-SO Doc #: 11 Filed: 05/20/09 4 of 5. PageID #: 317</sup>

defendant's rights on appeal to challenge the reasonableness of the sentence. (*Id.*) The Magistrate Judge ultimately concluded that this argument fails for the purpose of habeas relief as "[t]he Supreme Court has never held that the retroactive application of a judicial reconstruction of a statute violate the *Ex Post Facto* Clause if it results in the loss of a right to appeal a sentence based on a mistake of fact or law." (*Id.* at 13.)

Petitioner filed his Objections to the R&R on May 14, 2009, maintaining that the Magistrate Judge erred on each of the grounds and *Foster*'s application to his case violates the *Ex Post Facto* Clause. (Pet'r. Objections to R&R, ECF No. 10.) However, Woody's claim that retroactively applying *Foster* in sentencing violates one's rights under the *Ex Post Facto* Clause has been repeatedly rejected in this court. *Keith v. Voorhies*, 1:06CV2360, 2009 U.S. Dist. LEXIS 4726, at *34 (N.D. Ohio Jan. 23, 2009); *Watkins v. Williams*, 3:07CV1296, 2008 U.S. Dist. LEXIS 47557 (N.D. Ohio June 17, 2008); *Lyles v. Warden*, 3:07CV1315, 2008 U.S. Dist. LEXIS 33822 (N.D. Ohio April 24, 2008); and *McGhee v. Konteh*, 1:07CV1408, 2008 U.S. Dist. LEXIS 7976 (N.D. Ohio Feb. 1, 2008). Woody concedes that these cases exist (Pet'r. Objections to R&R at 2 n.1), yet fails to distinguish them or otherwise persuasively argue that they should be disregarded. The court further finds, after careful review of the Magistrate Judge's R&R, Petitioner's Objections, and all other relevant documents, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law.

For the reasons stated above, the court hereby denies Woody's Petition (ECF No. 1), and final judgment is hereby entered in favor of Respondent. The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

<sub>-4-</sub>

-5-

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

May 20, 2009